ABBOTT VOTING MACHINE CO. *v.* TOWNSHIP OF HANDY.

1. MUNICIPAL CORPORATIONS — TOWNSHIPS — VOTING MACHINES —
   CONTRACTS.
   Plaintiff could not recover upon a contract with defendant
   township for the purchase of a voting machine without show-
   ing a compliance with 1 Comp. Laws, § 3805, requiring the
   township to hold a mock election to test the machine before
   contracting for its purchase.

2. SAME—PLEADING—CONTRACTS—DENIAL OF EXECUTION.
   The defense was available in the action on defendant's contract
   in writing, though no affidavit denying its execution was filed.

Error to Livingston; Miner, J. Submitted January
24, 1912. (Docket No. 42.) Decided March 12, 1912.

Assumpsit by the Abbott Voting Machine Company
against the township of Handy for the price of a voting
machine. A judgment for defendant on a verdict directed
by the court is reviewed by plaintiff on writ of error.
Affirmed.

*E. A. & L. E. Stowe* and *Fellows & Chandler*, for
appellant.

*Louis E. Howlett* and *Arthur E. Cole*, for appellee.

MOORE, C. J. This suit was brought to recover for the
value of a voting machine. A verdict was directed in
favor of the defendant. The case is here by writ of error.

We quote sufficient from the brief of appellant to indi-
cate the questions involved:

"On the 22d day of August, 1906, the defendant, town-
ship of Handy, and the village of Fowlerville, ordered of
the plaintiff a voting machine, to be shipped prior to the
succeeding fall election. The township was to pay two-
thirds of the purchase price and the village one-third.
Neither municipality was to be bound by the order, unless
the machine complied with its terms. * * * Such trial
of such machines was to be had at the election to be

held November 6th following.   The order is as follows:

"'FOWLERVILLE, MICH., Aug. 22, 1906.
"'THE ABBOTT VOTING MACHINE COMPANY,
"'Hudson, Michigan.

"'*Gentlemen:*

"'Please enter our order for one Abbott voting machine to be delivered on or before the 25th day of October, 1906, and paid for by the township of Handy and the village of Fowlerville as follows: Payable on or before March 1, 1907, for the sum of three hundred and thirty-two and fifty one-hundredths dollars.  Upon the following conditions and not otherwise:  That the Abbott Voting Machine Company guarantee each Abbott voting machine to be of perfect material and workmanship; that each machine will at all elections keep an absolutely correct record of a vote from each voter voting at the election, and that the number of votes as to each office being voted for shall exactly equal the number of voters as shown by the total register on the machine to have voted; that said company will keep said machine in repair and replace or repair any part or parts which may require repairing or replacing and furnish any improvements that the company makes on such machines for a period of three years from this date without charge to the township of Handy or the village of Fowlerville.  If the machine complies with the above-mentioned conditions at the election to be held November 6, 1906, the board of the township of Handy and the common council of Fowlerville hereby agree to issue and deliver to the said Abbott Voting Machine Company their order on the treasurer of said township and the treasurer of said village for the sum of three hundred and fifty dollars for each machine and payable at the times above specified, less five per cent. discount, the said village to issue their order on said village treasurer for the sum of one hundred and ten and eighty-three hundredths dollars and the said township of Handy to issue their order on the said township treasurer for the sum of two hundred twenty one and sixty-seven hundredths dollars

[Signed].      "'THE TOWNSHIP BOARD OF HANDY,
               "'By EDWARD B. MILLETT, Supervisor.
               "'WILLIAM H PEEK.
               "'A. J. WICKHAM, Justice of the Peace.
               "'NORMAN HUGHES, Justice of the Peace.
               "'S. S. ABBOTT, President of the Village.
               "'A. E. BENJAMIN, Clerk.

"'The above order is hereby accepted, subject to all of its conditions.

               "'THE ABBOTT VOTING MACHINE COMPANY,
                    "'By WILL O'RILEY.'

"On the back of which is indorsed:

"'The Abbott Voting Machine Company agrees to furnish one dummy or practice machine and one competent instructor to explain the workings of the machine at the next November election. This indorsement is hereby made a part of the contract on the other side of this sheet.'

"This order was executed pursuant to unanimous action of the township board and village council. Pursuant to this order, the plaintiff shipped to the defendant the machine and dummy machine about the middle of October, and sent a Mr. Liby, a competent workman from the factory, to assist at and before the election and act as an instructor, pursuant to the terms of the contract. The bill of lading was sent to the clerk, and the machine was taken out and set up in a store building before Mr. Liby arrived. He was there five days, instructing the board and exhibiting the machine to the voters, a great many of whom voted upon it. The machine contained enough slides to accommodate the ticket, and to spare, if the ticket was arranged according to its arrangement on the Australian ballot. The officers of defendant seemed to want to arrange the ticket in some way other than the ordinary, usual, and lawful way, and complained that there were not enough slides so to do, although admitting there were sufficient slides if the ticket was arranged in its usual order. The machine was not used at this election, but was boxed up by Liby and left where defendant had set it. About the middle of November, the township notified plaintiff that the voting machine was there at plaintiff's risk. It has never been returned to plaintiff, and, so far as the record shows, is still at Fowlerville. This action was brought to recover of defendant the amount it had agreed to pay as its share. The execution of the contract was not denied under oath, but a plea of the general issue was filed with various defenses alleged in a notice of general terms. There were: (1) Implied warranty of sufficient capacity; (2) implied warranty that machine would comply with the requirements of the law; (3) that machine would not keep correct account; (4) that machine 'did not conform to the conditions of the contract existing between the said plaintiff and the said defendant,' but not stating wherein; (5) that parties who signed contract had no authority, but not stating where; (6) that contract was procured by fraud, such

alleged fraud consisting of representations that machine could be used at elections and enable voters to vote, and would enable electors to cast their votes during the hours when polls were to be open, and that it was of sufficient capacity; (7) set-off by way of damages for fraud alleged in 7; (8) agreed rescission.  All of these allegations are in general terms, and the notice lacks any degree of certainty in any particular.  The facts hereinbefore stated as making up plaintiff's case were proven upon the trial, and plaintiff offered to show that the defendant had already raised a tax to buy a voting machine with; also that the machines manufactured by the plaintiff were in general use in the State.  Defendant proved, over objection, an attempted rescission because of a want of capacity to carry the ticket."

After the proofs were all in, defendant moved for a directed verdict for several reasons, one of which was that because of section 3805, 1 Comp. Laws, it was the duty of defendant to hold a mock election before entering into this contract.  The plaintiff asked for a directed verdict against defendant for the defendant's share of the purchase price of the machine.  The circuit judge directed a verdict for the defendant, on the ground that a mock election should have been held.  The section above cited is as follows:

" Before such township board, council or common council shall order, contract for, purchase, agree to purchase or order the use of any voting machine, they shall first test such machine by using the same under conditions, similar as near as may be to those of an actual election.  Said township board, village or city council shall select three or more electors of said township, village or city, who are not members of said township board or city or village council, who shall act as inspectors and clerks of election, and any resident elector of said township, village or city, shall be entitled to vote upon and with said machine until at least one hundred votes in all shall have been cast by not less than twenty different persons and, if after testing said machine, as above stated, it shall prove satisfactory to said board, or council or common council, and fill all the requirements of section three of this act, they may then or thereafter purchase and order the use of said ma-

chine at all elections held thereafter in said township, village or city."

On the part of the plaintiff, it is urged that, while the statute provided that the township shall not be bound, unless at a mock election the machine complies with the provisions of the law, the contract provides that the township shall not be bound, unless at an actual election the machine complies with the law. Counsel insist:

"*First.* That the grounds upon which the court directed a verdict were in no way set up in defendant's notice, and that, therefore, such defense was unavailable; and, *second,* that the provision as to a mock election is purely directory, and, inasmuch as the contract provided for a thorough test in an actual election, all the purposes of a mock election and the statute with reference to the same were fully served."

Many questions are argued which we deem it unnecessary to discuss. The authority to buy and use voting machines is derived from the statute. In view of the situation disclosed by the record, it is unnecessary to decide whether the statute is directory simply. It appears that when the contract was signed no machine was before the board. No mock election had been held, and no election, mock or actual, has yet been held, where the machine for which suit is brought was used. Under these circumstances, we think the trial court very properly directed a verdict in favor of defendant.

Judgment is affirmed.

McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred with MOORE, C. J. STEERE and BLAIR, JJ., concurred in the result. BIRD, J., did not sit.